# 14 CV    9514

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD MORENO, JONATHAN REYES,
CHRISTOPHER RIVERA, RAFAEL ROBLES, and
JAIME VEGA,



                        Plaintiffs,

JURY TRIAL
DEMANDED

-against-

THE CITY OF NEW YORK, a municipal entity; the
NEW YORK CITY POLICE DEPARTMENT; POLICE
OFFICER DEREK BRUNO, Shield No. 16445 of the 52nd
Precinct; SERGEANT JOHN DOE; POLICE OFFICERS
JANE DOE 1-2; POLICE OFFICERS JOHN DOE 1-2,
individually and in their official capacities, (the names
Jane Doe and John Doe being fictitious, as the true names
and numbers are presently unknown),

COMPLAINT

ECF CASE

                        Defendants.
-------------------------------------------------------------------X

Plaintiffs, by their attorney THE LAW OFFICE OF CHRISTOPHER H.
FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.    PRELIMINARY STATEMENT

1.    Plaintiffs RICHARD MORENO, JONATHAN REYES, CHRISTOPHER
RIVERA, RAFAEL ROBLES, and JAIME VEGA ("Plaintiffs"), bring this action
for compensatory damages, punitive damages, and attorney's fees pursuant to 42
U.S.C. § 1983 and 42 U.S.C. § 1988, and all attendant New York state law
statutes, for violations of their civil rights, as said rights are secured by said
statutes and the Constitutions of the State of New York and the United States.

## II.    JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction
is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the
aforementioned statutory and constitutional provisions.

3.    Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to
28 U.S.C. § 1367, over any and all State law claims and causes of action which

derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

### III.    VENUE

4.        Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and § 1402(b) because Defendant CITY of NEW YORK maintains its primary and relevant places of business in this district.

### IV.    JURY DEMAND

5.        Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V.    THE PARTIES

6.        That at all times hereinafter mentioned, the plaintiffs were residents of the County of the Bronx, City and State of New York.

7.        That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

8.        That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9.        That at all times hereinafter mentioned, defendant POLICE OFFICER DEREK BRUNO, Shield No. 16445 of the 52nd Precinct, was and still is employed by the NEW YORK CITY POLICE DEPARTMENT.

10.       That at all times hereinafter mentioned, defendant SERGEANT JOHN DOE of the 52nd Precinct, was and still is employed by the NEW YORK CITY POLICE DEPARTMENT.

11.       That at all times hereinafter mentioned, defendant OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1 and 2 of the 52nd Precinct, were and still are employed by the NEW YORK CITY POLICE DEPARTMENT.

12.       That on or about February 28, 2014, a Notice of Claim was duly filed with the CITY OF NEW YORK.

13.       That on or about September 9, 2014, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h), wherein

plaintiffs RICHARD MORENO, JONATHAN REYES, RAFAEL ROBLES, and JAIME VEGA appeared and gave testimony.

14.     Plaintiff CHRISTOPHER RIVERA's 50(h) hearing has been rescheduled several times and is currently scheduled to be held on December 30, 2014.

15.     That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

16.     That at all times hereinafter mentioned, all of the actions of the officers alleged herein were done within the scope and course of his employment with the New York City Police Department and under the color of state law.

17.     That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI.     STATEMENT OF FACTS

18.     On or about November 30, 2013, plaintiff CHRISTOPHER RIVERA ("RIVERA") was lawfully operating a motor vehicle on East 194th Street, County of Bronx, City and State of New York.

19.     Plaintiffs RICHARD MORENO ("MORENO"), JONATHAN REYES ("REYES"), RAFAEL ROBLES ("ROBLES"), and JAIME VEGA ("VEGA") were lawful passengers of this vehicle at this time and place.

20.     At approximately 2:30 am of November 30, 2013, RIVERA's vehicle was pulled over by a police van in front of 229 E 194th Street, Bronx, NY.

21.     After obtaining RIVERA's license and registration, defendant POLICE OFFICER JANE DOE 1 directed that RIVERA keep his window rolled down.

22.     When RIVERA expressed his objection to keeping his window down due to the cold temperature, OFFICER JANE DOE 1 opened the driver's side door and instructed him, in a profanity-laced directive, to get out of the car.

23.     RIVERA was then placed in handcuffs and searched.

24.     As RIVERA was being removed from his vehicle, defendant SERGEANT JOHN DOE approached the passenger side and began questioning the passengers of the vehicle.

25.     Plaintiffs MORENO, REYES, ROBLES and VEGA remained silent in the face of this questioning from defendant SERGEANT JOHN DOE.

26.    In response to plaintiffs exercising their right to remain silent, defendant SERGEANT JOHN DOE exclaimed, in sum and substance, "Oh you're going to ignore me? Get the f**k out of the car."

27.    Plaintiffs MORENO, REYES, ROBLES and VEGA were then removed from the vehicle and placed in handcuffs and searched.

28.    All five plaintiffs were thereafter placed inside a police vehicle and transported to the 52nd precinct.

29.    Plaintiff RIVERA was held and processed at the 52nd Precinct. He was released later that day and issued four (4) Desk Appearance Tickets by defendant DEREK BRUNO for the alleged VTL violation of having tinted windows.

30.    RIVERA was acquitted of all charges on September 12, 2014.

31.    Plaintiff REYES was held and processed at the 52nd Precinct. He was released later that day and issued a summons for Disorderly Conduct by defendant DEREK BRUNO, with an arraignment date of February 20th, 2014.

32.    All charges against REYES were dismissed at his February 20th, 2014 hearing.

33.    Plaintiffs MORENO, ROBLES, and VEGA were held and processed at the 52nd Precinct. They were then transported to Bronx Central Booking.

34.    Plaintiffs MORENO, ROBLES, and VEGA were detained at Central Booking for approximately 20 hours.

35.    Plaintiffs MORENO, ROBLES, and VEGA were arraigned on the evening of December 1, 2013. All three accepted Adjournments in Contemplation of Dismissal ("ACD") and were released.

36.    Upon information and belief, the ACDs as to MORENO, ROBLES, and VEGA were sealed and dismissed in May of 2014.

37.    Plaintiff MORENO suffered significant sums of lost wages, as his license to operate as a security guard was suspended for a period of six months, pending the outcome of the ACD.

38.    During this 6 month period, MORENO's work hours and wages were cut roughly by half.

39.       All plaintiffs suffered loss of liberty, anxiety, humiliation, loss of reputation in the community, and garden variety emotional damages as a result of being arrested and charged with criminal offenses.

### FIRST CLAIM FOR RELIEF:
### BATTERY UNDER STATE LAW OF RICHARD MORENO

40.       Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

41.       On November 30, 2013, defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 intentionally made physical contact with plaintiff MORENO.

42.       This physical contact was violent, offensive, and without plaintiff's consent.

43.       This contact was without provocation.

44.       This unnecessary and excessive physical contact caused physical pain and psychological injuries to plaintiff.

45.       Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

46.       Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

47.       Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

48.       This physical contact was without privilege or provocation.

49.       Defendants the CITY OF NEW YORK are vicariously liable for the actions of Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, as these individuals were acting in furtherance of the NYPD business and within the scope of NYPD authority.

50.       At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiffs' injury and damages as Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS

JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

## SECOND CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW OF RICHARD MORENO

51.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

52.     The conduct DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 on November 30, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

53.     The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was intentional, and with the purpose to cause plaintiff severe emotional distress.

54.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

55.     The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was reckless, and with an utter disregard for the consequences that followed.

56.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

57.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

58.     The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 has caused plaintiff severe emotional distress.

59.     Defendant CITY OF NEW YORK is vicariously liable for the actions of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 as they were acting in furtherance of the NYPD business and within the scope of NYPD authority.

60.     At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injuries and damages as defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

## THIRD CLAIM FOR RELIEF:
## NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION
## UNDER STATE LAW AS TO RICHARD MORENO

61.     Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

62.     THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

63.     This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

64.     The CITY OF NEW YORK knew or should have known that defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were incompetent, have a vicious propensity, and/or have a bad disposition.

65.     The CITY OF NEW YORK and the NYPD could have easily anticipated the incident of November 30, 2014.

66.     The CITY OF NEW YORK and the NYPD failed to adequately investigate and correct the disposition and propensity of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

67.     Because of this history, the incident of November 30,2013 was a foreseeable consequence of NYPD'S failure to adequately train, reprimand, or re-assign defendants.

68.     Because of the CITY OF NEW YORK and the NYPD's failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

## FOURTH CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW
## OF RICHARD MORENO

69.     Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

70.     That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior* for the actions of DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

71.     At the aforementioned times and locations, plaintiff MORENO was detained and held under the imprisonment and control of the defendants under false pretenses.

72.     At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

73.     That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

74.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

75.     That plaintiff was conscious of the confinement.

76.     That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental

degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

77.    By the actions described above, DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

78.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER STATE LAW
## OF RICHARD MORENO

79.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

80.    At the aforementioned times and locations, plaintiff MORENO was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

81.    Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

82.    Defendants commenced this criminal action out of malice.

83.    The criminal action against plaintiff has terminated in his favor.

84.    That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

85.    That plaintiff was conscious of the confinement.

86.    That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental

degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

87.    The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitutions of the State of New York and of the United States.

88.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## SIXTH CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983 OF RICHARD MORENO

89.    Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

90.    At the time of plaintiff's arrest, there was no credible evidence that plaintiff CHRISTOPHER RIVERA had committed a crime.

91.    All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

92.    All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

93.    The acts complained of were carried out by the aforementioned individual defendants, in particular DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

94.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

95.    The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

96.    As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### SEVENTH CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. §1983
### OF RICHARD MORENO

97.    Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

98.    Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

99.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

100.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

101.    As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### EIGHTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983
### OF RICHARD MORENO

102.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

103.    At the aforementioned times and locations, plaintiff MORENO was detained and held under the imprisonment and control of the defendants

DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

104.     Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

105.     Defendants commenced this criminal action out of malice.

106.     The criminal action against plaintiff has terminated in his favor.

107.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

108.     That plaintiff was conscious of the confinement.

109.     That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

110.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the United States.

111.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## NINTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
## UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983
## AS TO RICHARD MORENO

112.     Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

113.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 arrested and incarcerated plaintiff MORENO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

114.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

115.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

116.    As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

117.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## TENTH CLAIM FOR RELIEF:
## BATTERY UNDER STATE LAW OF JONATHAN REYES

118.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

119.    On November 30, 2013, defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 intentionally made physical contact with plaintiff REYES.

120.    This physical contact was violent, offensive, and without plaintiff's consent.

121.    This contact was without provocation.

122.    This unnecessary and excessive physical contact caused physical pain and psychological injuries to plaintiff.

123.    Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

124.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

125.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

126.        This physical contact was without privilege or provocation.

127.        Defendants the CITY OF NEW YORK are vicariously liable for the actions of Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, as these individuals were acting in furtherance of the NYPD business and within the scope of NYPD authority.

128.        At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiffs' injury and damages as Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

## ELEVENTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER STATE LAW OF JONATHAN REYES

129.        Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

130.        The conduct DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 on November 30, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

131.        The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was intentional, and with the purpose to cause plaintiff severe emotional distress.

132.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

133.    The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was reckless, and with an utter disregard for the consequences that followed.

134.    Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

135.    Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

136.    The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 has caused plaintiff severe emotional distress.

137.    Defendant CITY OF NEW YORK is vicariously liable for the actions of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 as they were acting in furtherance of the NYPD business and within the scope of NYPD authority.

138.    At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injuries and damages as defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

### TWELFTH CLAIM FOR RELIEF:
### NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION
### UNDER STATE LAW AS TO JONATHAN REYES

139.    Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

140.    THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

141.    This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

142.    The CITY OF NEW YORK knew or should have known that defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were incompetent, have a vicious propensity, and/or have a bad disposition.

143.          The CITY OF NEW YORK and the NYPD could have easily anticipated the incident of November 30, 2014.

144.          The CITY OF NEW YORK and the NYPD failed to adequately investigate and correct the disposition and propensity of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

145.          Because of this history, the incident of November 30,2013 was a foreseeable consequence of NYPD'S failure to adequately train, reprimand, or re-assign defendant S.

146.          Because of the CITY OF NEW YORK and the NYPD's failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

### THIRTEENTH CLAIM FOR RELIEF:
### FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW
### OF JONATHAN REYES

147.          Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

148.          That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior* for the actions of DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

149.          At the aforementioned times and locations, plaintiff REYES was detained and held under the imprisonment and control of the defendants under false pretenses.

150.          At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

151.          That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against

his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

152.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

153.     That plaintiff was conscious of the confinement.

154.     That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

155.     By the actions described above, DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

156.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### FOURTEENTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER STATE LAW OF JONATHAN REYES

157.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

158.     At the aforementioned times and locations, plaintiff REYES was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

159.        Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

160.        Defendants commenced this criminal action out of malice.

161.        The criminal action against plaintiff has terminated in his favor.

162.        That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

163.        That plaintiff was conscious of the confinement.

164.        That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

165.        The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitutions of the State of New York and of the United States.

166.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FIFTEENTH CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983
## OF JONATHAN REYES

167.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

168.        At the time of plaintiff's arrest, there was no credible evidence that plaintiff JONATHAN REYES had committed a crime.

169.        All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

170.        All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First,

Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

171.     The acts complained of were carried out by the aforementioned individual defendants, in particular DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

172.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

173.     The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

174.     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## SIXTEENTH CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. §1983
## OF JONATHAN REYES

175.     Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

176.     Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

177.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

178.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of

his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

179.          As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## SEVENTEENTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983
## OF JONATHAN REYES

180.          Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

181.          At the aforementioned times and locations, plaintiff REYES was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

182.          Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

183.          Defendants commenced this criminal action out of malice.

184.          The criminal action against plaintiff has terminated in his favor.

185.          That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

186.          That plaintiff was conscious of the confinement.

187.          That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

188.          The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the United States.

189.         As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.


### EIGHTEENTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
### UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983
### AS TO JONATHAN REYES

190.         Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

191.         Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 arrested and incarcerated plaintiff REYES in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

192.         The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

193.         The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

194.         As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

195.         As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

21

### NINETEENTH CLAIM FOR RELIEF:
### BATTERY UNDER STATE LAW OF CHRISTOPHER RIVERA

196.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

197.     On November 30, 2013, defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 intentionally made physical contact with plaintiff RIVERA.

198.     This physical contact was violent, offensive, and without plaintiff's consent.

199.     This contact was without provocation.

200.     This unnecessary and excessive physical contact caused physical pain and psychological injuries to plaintiff.

201.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

202.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

203.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

204.     This physical contact was without privilege or provocation.

205.     Defendants the CITY OF NEW YORK are vicariously liable for the actions of Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, as these

individuals were acting in furtherance of the NYPD business and within the scope of NYPD authority.

206.     At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiffs' injury and damages as Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

**TWENTIETH CLAIM FOR RELIEF:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**UNDER STATE LAW OF CHRISTOPHER RIVERA**

207.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

208.     The conduct DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 on November 30, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

209.     The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was intentional, and with the purpose to cause plaintiff severe emotional distress.

210.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

211.     The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was reckless, and with an utter disregard for the consequences that followed.

212.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

213.     Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

214.     The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 has caused plaintiff severe emotional distress.

215.        Defendant CITY OF NEW YORK is vicariously liable for the actions of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 as they were acting in furtherance of the NYPD business and within the scope of NYPD authority.

216.        At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injuries and damages as defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

**TWENTY-FIRST CLAIM FOR RELIEF:**
**NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION**
**UNDER STATE LAW AS TO CHRISTOPHER RIVERA**

217.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

218.        THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

219.        This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

220.        The CITY OF NEW YORK knew or should have known that defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were incompetent, have a vicious propensity, and/or have a bad disposition.

221.        The CITY OF NEW YORK and the NYPD could have easily anticipated the incident of November 30, 2014.

222.        The CITY OF NEW YORK and the NYPD failed to adequately investigate and correct the disposition and propensity of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

223.        Because of this history, the incident of November 30, 2013 was a foreseeable consequence of NYPD's failure to adequately train, reprimand, or re-assign defendants.

224.        Because of the CITY OF NEW YORK and the NYPD's failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

## TWENTY-SECOND CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW
## OF CHRISTOPHER RIVERA

225.     Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

226.     That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior* for the actions of DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

227.     At the aforementioned times and locations, plaintiff RIVERA was detained and held under the imprisonment and control of the defendants under false pretenses.

228.     At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

229.     That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

230.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

231.     That plaintiff was conscious of the confinement.

232.     That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental

degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

233.        By the actions described above, DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

234.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### TWENTY-THIRD CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER STATE LAW
### OF CHRISTOPHER RIVERA

235.        Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

236.        At the aforementioned times and locations, plaintiff RIVERA was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

237.        Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

238.        Defendants commenced this criminal action out of malice.

239.        The criminal action against plaintiff has terminated in his favor.

240.        That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

241.        That plaintiff was conscious of the confinement.

242.        That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental

degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

243.       The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitutions of the State of New York and of the United States.

244.       As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### TWENTY-FIFTH CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983
### OF CHRISTOPHER RIVERA

245.       Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

246.       At the time of plaintiff's arrest, there was no credible evidence that plaintiff CHRISTOPHER RIVERA had committed a crime.

247.       All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

248.       All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

249.       The acts complained of were carried out by the aforementioned individual defendants, in particular DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

250.       The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

251.        The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

252.        As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## TWENTY-SIXTH CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. §1983
## OF CHRISTOPHER RIVERA

253.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

254.        Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

255.        As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

256.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

257.        As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## TWENTY-SEVENTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983
## OF CHRISTOPHER RIVERA

258.        Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

259.        At the aforementioned times and locations, plaintiff RIVERA was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

260.        Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

261.        Defendants commenced this criminal action out of malice.

262.        The criminal action against plaintiff has terminated in his favor.

263.        That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

264.        That plaintiff was conscious of the confinement.

265.        That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

266.        The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the United States.

267.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### TWENTY-EIGHT CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
### UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983
### AS TO CHRISTOPHER RIVERA

268.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

269.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 arrested and incarcerated plaintiff MORENO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration

would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

270.        The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

271.        The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

272.        As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

273.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## TWENTY-NINTH CLAIM FOR RELIEF:
## BATTERY UNDER STATE LAW OF RAFAEL ROBLES

274.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

275.        On November 30, 2013, defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 intentionally made physical contact with plaintiff MORENO.

276.        This physical contact was violent, offensive, and without plaintiff's consent.

277.        This contact was without provocation.

278.        This unnecessary and excessive physical contact caused physical pain and psychological injuries to plaintiff.

279.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

280.　　　　Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

281.　　　　Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

282.　　　　This physical contact was without privilege or provocation.

283.　　　　Defendants the CITY OF NEW YORK are vicariously liable for the actions of Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, as these individuals were acting in furtherance of the NYPD business and within the scope of NYPD authority.

284.　　　　At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiffs' injury and damages as Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

### THIRTIETH CLAIM FOR RELIEF:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER STATE LAW OF RAFAEL ROBLES

285.　　　　Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

286.　　　　The conduct DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 on November 30, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

287.　　　　The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was intentional, and with the purpose to cause plaintiff severe emotional distress.

288.　　　　Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

289.　　　　The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was reckless, and with an utter disregard for the consequences that followed.

290.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

291.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

292.        The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 has caused plaintiff severe emotional distress.

293.        Defendant CITY OF NEW YORK is vicariously liable for the actions of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 as they were acting in furtherance of the NYPD business and within the scope of NYPD authority.

294.        At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injuries and damages as defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

### THIRTY-FIRST CLAIM FOR RELIEF:
### NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION
### UNDER STATE LAW AS TO RAFAEL ROBLES

295.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

296.        THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

297.        This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

298.        The CITY OF NEW YORK knew or should have known that defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were incompetent, have a vicious propensity, and/or have a bad disposition.

299.        The CITY OF NEW YORK and the NYPD could have easily anticipated the incident of November 30, 2014.

300.    The CITY OF NEW YORK and the NYPD failed to adequately investigate and correct the disposition and propensity of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

301.    Because of this history, the incident of November 30,2013 was a foreseeable consequence of NYPD'S failure to adequately train, reprimand, or re-assign defendant S.

302.    Because of the CITY OF NEW YORK and the NYPD's failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

## THIRTY-SECOND CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW
## OF RAFAEL ROBLES

303.    Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

304.    That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior* for the actions of DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

305.    At the aforementioned times and locations, plaintiff ROBLES was detained and held under the imprisonment and control of the defendants under false pretenses.

306.    At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

307.    That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of

plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

308.    That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

309.    That plaintiff was conscious of the confinement.

310.    That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

311.    By the actions described above, DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

312.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## THIRTY-THIRD CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER STATE LAW
## OF RAFAEL ROBLES

313.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

314.    At the aforementioned times and locations, plaintiff ROBLES was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

315.    Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

316.        Defendants commenced this criminal action out of malice.

317.        The criminal action against plaintiff has terminated in his favor.

318.        That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

319.        That plaintiff was conscious of the confinement.

320.        That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

321.        The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitutions of the State of New York and of the United States.

322.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## THIRTY-FOURTH CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983
## OF RAFAEL ROBLES

323.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

324.        At the time of plaintiff's arrest, there was no credible evidence that plaintiff ROBLES had committed a crime.

325.        All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

326.        All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

327.         The acts complained of were carried out by the aforementioned individual defendants, in particular DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

328.         The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

329.         The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

330.         As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### THIRTY-FIFTH CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. §1983
### OF RAFAEL ROBLES

331.         Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

332.         Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

333.         As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

334.         As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

335.        As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**THIRTY-SIXTH CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**
**OF RAFAEL ROBLES**

336.        Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

337.        At the aforementioned times and locations, plaintiff ROBLES was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

338.        Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

339.        Defendants commenced this criminal action out of malice.

340.        The criminal action against plaintiff has terminated in his favor.

341.        That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

342.        That plaintiff was conscious of the confinement.

343.        That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

344.        The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the United States.

345.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## THIRTY-SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
## UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983
## AS TO RAFAEL ROBLES

346.      Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

347.      Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 arrested and incarcerated plaintiff MORENO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

348.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

349.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

350.      As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

351.      As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## THIRTY-EIGHT CLAIM FOR RELIEF:
## BATTERY UNDER STATE LAW OF JAIME VEGA

352.      Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

353.      On November 30, 2013, defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 intentionally made physical contact with plaintiff VEGA.

354.         This physical contact was violent, offensive, and without plaintiff's consent.

355.         This contact was without provocation.

356.         This unnecessary and excessive physical contact caused physical pain and psychological injuries to plaintiff.

357.         Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

358.         Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

359.         Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

360.         This physical contact was without privilege or provocation.

361.         Defendants the CITY OF NEW YORK are vicariously liable for the actions of Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, as these individuals were acting in furtherance of the NYPD business and within the scope of NYPD authority.

362.         At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiffs' injury and damages as Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

## THIRTY-NINTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER STATE LAW OF JAIME VEGA

363.         Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

364.       The conduct DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 on November 30, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

365.       The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was intentional, and with the purpose to cause plaintiff severe emotional distress.

366.       Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

367.       The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 was reckless, and with an utter disregard for the consequences that followed.

368.       Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 subjected plaintiff to physical contact.

369.       Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

370.       The conduct of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 has caused plaintiff severe emotional distress.

371.       Defendant CITY OF NEW YORK is vicariously liable for the actions of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 as they were acting in furtherance of the NYPD business and within the scope of NYPD authority.

372.       At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injuries and damages as defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were acting in furtherance of the NYPD business and within the scope of NYPD authority.

## FORTIETH CLAIM FOR RELIEF:
## NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION
## UNDER STATE LAW AS TO JAIME VEGA

373.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

374.        THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

375.        This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

376.        The CITY OF NEW YORK knew or should have known that defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 were incompetent, have a vicious propensity, and/or have a bad disposition.

377.        The CITY OF NEW YORK and the NYPD could have easily anticipated the incident of November 30, 2014.

378.        The CITY OF NEW YORK and the NYPD failed to adequately investigate and correct the disposition and propensity of defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

379.        Because of this history, the incident of November 30,2013 was a foreseeable consequence of NYPD'S failure to adequately train, reprimand, or re-assign defendant S.

380.        Because of the CITY OF NEW YORK and the NYPD's failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

## FORTY-FIRST CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW
## OF JAIME VEGA

381.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

382.        That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior* for the actions of DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2.

383.         At the aforementioned times and locations, plaintiff VEGA was detained and held under the imprisonment and control of the defendants under false pretenses.

384.         At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

385.         That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

386.         That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

387.         That plaintiff was conscious of the confinement.

388.         That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

389.         By the actions described above, DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

390.         As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of

his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FORTY-SECOND CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER STATE LAW
## OF JAIME VEGA

391.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

392.    At the aforementioned times and locations, plaintiff VEGA was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

393.    Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

394.    Defendants commenced this criminal action out of malice.

395.    The criminal action against plaintiff has terminated in his favor.

396.    That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

397.    That plaintiff was conscious of the confinement.

398.    That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

399.    The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitutions of the State of New York and of the United States.

400.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FORTY-THIRD CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983
## OF JAIME VEGA

401.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

402.        At the time of plaintiff's arrest, there was no credible evidence that plaintiff VEGA had committed a crime.

403.        All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

404.        All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

405.        The acts complained of were carried out by the aforementioned individual defendants, in particular DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

406.        The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

407.        The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

408.        As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FORTY-FOURTH CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. §1983
## OF JAIME VEGA

409.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

410.        Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

411.        As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

412.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

413.        As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## FORTY-FIFTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983
## OF JAIME VEGA

414.        Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

415.        At the aforementioned times and locations, plaintiff VEGA was detained and held under the imprisonment and control of the defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 without probable cause.

416.        Defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

417.        Defendants commenced this criminal action out of malice.

418.        The criminal action against plaintiff has terminated in his favor.

419.        That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

420.        That plaintiff was conscious of the confinement.

421.        That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

422.        The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the United States.

423.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FORTY-SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
## UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983
## AS TO JAIME VEGA

424.        Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

425.        Defendants DEREK BRUNO, SERGEANT JOHN DOE, OFFICERS JANE DOE 1 and 2, and OFFICERS JOHN DOE 1-2 arrested and incarcerated plaintiff MORENO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

426.        The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

427.        The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

428.        As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

429.        As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

430.        As a result of the defendants' impermissible conduct, plaintiffs demand judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;
    b.  Punitive damages;
    c.  The convening and empaneling of a jury to consider the merits of the claims herein;
    d.  Costs and interest and attorney's fees;
    e.  Such other and further relief as this court may deem appropriate and equitable.

DATED:

    New York, New York
    December 1, 2014

            Respectfully submitted,

            **The Law Office of**
            **Christopher H. Fitzgerald**
            *Counsel for Plaintiff*

            By: Christopher H. Fitzgerald, Esq.
            (CF-1415)
            233 Broadway, Suite 2348
            New York, NY 10279
            (212)226-2275