UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   14 CV 9514 (WHP)
RICHARD MORENO, JONATHAN REYES,
CHRISTOPHER RIVERA, RAFAEL ROBLES, and
JAIME VEGA,                                                           **FIRST AMENDED**
                                                                      **COMPLAINT**
                        Plaintiffs,

        -against-
                                                                      JURY TRIAL
THE CITY OF NEW YORK; POLICE OFFICER                                  DEMANDED
DEREK BRUNO; SERGEANT ADONIS RAMIREZ;
and POLICE OFFICER BENEDICE RAMOS;
individually and in their official capacities,                        ECF CASE

                        Defendants.
------------------------------------------------------------------X

   Plaintiffs, by their attorney THE LAW OFFICE OF CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.    PRELIMINARY STATEMENT

1. Plaintiffs RICHARD MORENO, JONATHAN REYES, CHRISTOPHER RIVERA, RAFAEL ROBLES, and JAIME VEGA ("Plaintiffs"), bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and all attendant New York state law statutes, for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## II.    JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

### III.   VENUE

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and § 1402(b) because Defendant CITY of NEW YORK maintains its primary and relevant places of business in this district.

### IV.   JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V.   THE PARTIES

6. That at all times hereinafter mentioned, the plaintiffs were residents of the County of the Bronx, City and State of New York.

7. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, defendant POLICE OFFICER DEREK BRUNO, Shield No. 16445 of the 52nd Precinct, was and still is employed by the NEW YORK CITY POLICE DEPARTMENT.

10. That at all times hereinafter mentioned, defendant SERGEANT ADONIS RAMIREZ, Shield No. 5003, was and still is employed by the NEW YORK CITY POLICE DEPARTMENT.

11. That at all times hereinafter mentioned, defendant OFFICER BENEDICE RAMOS, Shield No. 23387, was and still is employed by the NEW YORK CITY POLICE DEPARTMENT.

12. That on or about February 28, 2014, a Notice of Claim was duly filed with the CITY OF NEW YORK.

13. That on or about September 9, 2014, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h), wherein plaintiffs RICHARD MORENO, JONATHAN REYES, RAFAEL ROBLES, and JAIME VEGA appeared and gave testimony.

14. That on or about December 30, 2014, plaintiff CHRISTOPHER RIVERA gave testimony at his 50(h) hearing.

15. That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

16. That at all times hereinafter mentioned, all of the actions of the officers alleged herein were done within the scope and course of their employment with the New York City Police Department and under the color of state law.

17. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI.   STATEMENT OF FACTS

18. On or about November 30, 2013, plaintiff CHRISTOPHER RIVERA ("RIVERA") was lawfully operating a 2009 Nissan Altima on East 194th Street, County of Bronx, City and State of New York.

19. Plaintiffs RICHARD MORENO ("MORENO"), JONATHAN REYES ("REYES"), RAFAEL ROBLES ("ROBLES"), and JAIME VEGA ("VEGA") were lawful passengers of this vehicle at this time and place.

20. At approximately 2:30 am of November 30, 2013, RIVERA's vehicle was pulled over by a police van in front of 229 E 194th Street, Bronx, NY.

21. Defendant OFFICER DEREK BRUNO approached the vehicle and stated that they were being pulled over for having "tinted windows". He then requested RIVERA's license and registration. RIVERA promptly complied.

22. As defendant BRUNO left RIVERA's vehicle to verify the registration, a female officer of the New York City Police Department directed, in an abusive tone, that RIVERA keep his window rolled down.

23. When RIVERA expressed his objection to keeping his window down due to the cold temperature, the aforementioned female officer opened the driver's side door and demanded, in a profanity-laced directive, to get out of the car.

24. RIVERA was then placed in handcuffs and searched.

25. A female officer of the New York City Police Department then proceeded to use a hand held "tint meter" device to check the light transmittance of the

3

driver's side front window, driver's side rear window, passenger side front window and passenger side rear window of RIVERA's vehicle.[1]

26. It was apparent to all present at the scene that the tint meter was malfunctioning, as this female officer took multiple readings of each window, while frequently striking the device with her hand.

27. After taking an initial reading and apparently being unsatisfied with the result, the aforementioned officer would strike the tint meter with her free hand, then re-apply it to the same window, so as to gain a reading more favorable to her. This occurred multiple times.

28. As RIVERA was being removed from his vehicle, defendant SERGEANT ADONIS RAMIREZ approached the passenger side and began questioning the passengers of the vehicle.

29. Plaintiffs MORENO, REYES, RIVERA, RIVERA, ROBLES and VEGA remained silent in the face of this questioning from defendant SERGEANT ADONIS RAMIREZ.

30. In response to plaintiffs exercising their right to remain silent, defendant SERGEANT ADONIS RAMIREZ exclaimed, in sum and substance, "Oh you're going to ignore me? Get the f**k out of the car."

31. Plaintiffs MORENO, REYES, RIVERA, ROBLES and VEGA were then removed from the vehicle and placed in handcuffs and searched.

32. All five plaintiffs were thereafter placed inside a police vehicle and transported to the 52nd precinct.

33. Plaintiff RIVERA was held and processed at the 52nd Precinct. He was released later that day and issued four (4) Desk Appearance Tickets by defendant DEREK BRUNO for the alleged VTL violation of having tinted windows.

34. Defendant DEREK BRUNO did not take the tint meter readings of any of the windows.

35. RIVERA was acquitted of all charges on September 12, 2014.

36. Plaintiff REYES was held and processed at the 52nd Precinct. He was released later that day and issued a summons for Disorderly Conduct by defendant DEREK BRUNO, with an arraignment date of February 20th, 2014.

---

[1] Whether this officer was defendant BENEDICE RAMOS is information that is currently in the sole possession of the defendants, as there were at least two female officers of the NYPD at the scene.

37. All charges against REYES were dismissed at his February 20th, 2014 hearing.

38. Plaintiffs MORENO, ROBLES, and VEGA were held and processed at the 52nd Precinct. They were then transported to Bronx Central Booking.

39. Plaintiffs MORENO, ROBLES, and VEGA were detained at Central Booking for approximately 20 hours.

40. Plaintiffs MORENO, ROBLES, and VEGA were arraigned on the evening of December 1, 2013. All three accepted Adjournments in Contemplation of Dismissal ("ACD") and were released.

41. Upon information and belief, the ACDs as to MORENO, ROBLES, and VEGA were sealed and dismissed in May of 2014.

42. As a result of this arrest and prosecution, plaintiff MORENO suffered reprisals at work, as his license to operate as a security guard was suspended for a period of six months, pending the outcome of the ACD.

43. All plaintiffs suffered loss of liberty, anxiety, humiliation, loss of reputation in the community, and garden variety emotional damages as a result of being arrested and charged with criminal offenses.

**FIRST CLAIM FOR RELIEF:**
**BATTERY UNDER STATE LAW OF RICHARD MORENO, JONATHAN REYES, RAFAEL ROBLES, and JAIME VEGA**

44. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45. On November 30, 2013, defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department intentionally made physical contact with plaintiffs MORENO, REYES, RIVERA, ROBLES and VEGA.

46. This physical contact was violent, offensive, and without plaintiffs' consent.

47. This contact was without provocation.

48. This unnecessary and excessive physical contact caused physical pain and psychological injuries to plaintiff.

5

49. Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department acted voluntarily and intentionally, and with the purpose of physically harming the plaintiffs.

50. Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department subjected plaintiffs to physical contact.

51. Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiffs.

52. This physical contact was without privilege or provocation.

53. Defendants the CITY OF NEW YORK are vicariously liable for the actions of Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department ("NYPD"), as these individuals were acting in furtherance of the NYPD business and within the scope of NYPD authority.

54. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiffs' injury and damages as Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department were acting in furtherance of the NYPD business and within the scope of NYPD authority.

## SECOND CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER STATE LAW OF MORENO, REYES, RIVERA, ROBLES, and VEGA

55. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

56. The conduct DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department on November 30, 2013 was shocking and outrageous, exceeding all reasonable bounds of decency.

57. The conduct of defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department was intentional, and with the purpose to cause plaintiff severe emotional distress.

58. Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

59. The conduct of defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department was reckless, and with an utter disregard for the consequences that followed.

60. Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department subjected plaintiffs to physical contact.

61. Defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department acted with the intent to cause plaintiffs physical harm, and to harass, annoy or alarm plaintiff.

62. The conduct of defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department has caused plaintiffs severe emotional distress.

63. Defendant CITY OF NEW YORK is vicariously liable for the actions of defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department as they were acting in furtherance of the NYPD business and within the scope of NYPD authority.

64. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injuries and damages as defendants DEREK BRUNO, SERGEANT ADONIS RAMIREZ, OFFICER BENEDICE RAMOS, and other unidentified officers of the New York City Police Department were acting in furtherance of the NYPD business and within the scope of NYPD authority.

**THIRD CLAIM FOR RELIEF:**
**NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION**
**UNDER STATE LAW AS TO MORENO, REYES, RIVERA, ROBLES, and VEGA**

65. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

67. This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

68. The CITY OF NEW YORK knew or should have known that defendants BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene were incompetent, have a vicious propensity, and/or have a bad disposition.

69. The CITY OF NEW YORK and the NYPD could have easily anticipated the incident of November 30, 2014.

70. The CITY OF NEW YORK and the NYPD failed to adequately investigate and correct the disposition and propensity of defendants BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene.

71. Because of this history, the incident of November 30, 2013 was a foreseeable consequence of NYPD'S failure to adequately train, reprimand, or re-assign defendants.

72. Because of the CITY OF NEW YORK and the NYPD's failure to take appropriate action, plaintiffs have suffered the injuries claimed herein.

### FOURTH CLAIM FOR RELIEF:
### FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW
### OF MORENO, REYES, RIVERA, ROBLES and VEGA

73. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

74. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior* for the actions of defendants BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene

75. At the aforementioned times and locations, plaintiffs MORENO, REYES, RIVERA, ROBLES and VEGA were detained and held under the imprisonment and control of the defendants under false pretenses.

76. At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiffs without warrant, authority of law or probable cause therefore.

77. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiffs against their will and without their consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiffs through the unlawful arrest of plaintiffs; unlawfully detaining and confining plaintiffs; unlawfully arresting plaintiffs and placing them in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

78. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

79. That plaintiffs were conscious of the confinement.

80. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiffs were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, and legal expenses.

81. By the actions described above, defendants BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene and the municipal defendants caused plaintiffs to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.

82. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

83. As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and his standing within their community.

9

**FIFTH CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION UNDER STATE LAW**
**OF MORENO, REYES, RIVERA, ROBLES, and VEGA**

84. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

85. At the aforementioned times and locations, plaintiffs MORENO, REYES, RIVERA, ROBLES, and VEGA were detained and held under the imprisonment and control of the defendants BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene without probable cause.

86. Defendants commenced the criminal action against plaintiffs in the absence of any probable cause that a crime had been committed.

87. Defendants commenced this criminal action out of malice.

88. The criminal action against plaintiffs have terminated in his favor.

89. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

90. That plaintiffs were conscious of the confinement.

91. That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiffs were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

92. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitutions of the State of New York and of the United States.

93. As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and his standing within their community.

**SIXTH CLAIM FOR RELIEF**:
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**
**OF MORENO, REYES, RIVERA, ROBLES, and VEGA**

10

94. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

95. At the time of plaintiff's arrest, there was no credible evidence that plaintiff CHRISTOPHER RIVERA had committed a crime.

96. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

97. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

98. The acts complained of were carried out by the aforementioned individual defendants, in particular BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

99. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

100. The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

101. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### SEVENTH CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. §1983 OF RICHARD MORENO, REYES, RIVERA, ROBLES, and VEGA

102. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

11

103.　　　　Plaintiffs were arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

104.　　　　As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

105.　　　　As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

106.　　　　As a result of defendants' impermissible conduct, plaintiffs demand judgment against defendants in a sum of money to be determined at trial.

### EIGHTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983 OF MORENO, REYES, RIVERA, ROBLES, and VEGA

107.　　　　Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

108.　　　　At the aforementioned times and locations, plaintiffs MORENO, REYES, RIVERA, ROBLES and VEGA were detained and held under the imprisonment and control of the defendants BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene without probable cause.

109.　　　　Defendants commenced the criminal action against plaintiffs in the absence of any probable cause that a crime had been committed.

110.　　　　Defendants commenced this criminal action out of malice.

111.　　　　The criminal action against plaintiff has terminated in their favor.

112.　　　　That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

113.　　　　That plaintiffs were conscious of the confinement.

114. That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiffs were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

115. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated their statutory and common law rights as guaranteed by the law of the Constitution of the United States.

116. As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer psychological and emotional injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

**NINTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER MONELL ARISING FROM**
**UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983**
**AS TO MORENO, REYES, RIVERA, ROBLES, and VEGA**

117. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

118. Defendants BRUNO, RAMIREZ, RAMOS, and other unidentified officers of the NYPD present on the scene arrested and incarcerated plaintiff MORENO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

119. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

120. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

121. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiffs' constitutional rights were violated.

13

122. As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer psychological and emotional injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

a. Compensatory damages;
b. Punitive damages;
c. The convening and empaneling of a jury to consider the merits of the claims herein;
d. Costs and interest and attorney's fees;
e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
May 18, 2015

Respectfully submitted,

**The Law Office of
Christopher H. Fitzgerald**
*Counsel for Plaintiffs*

____/c/_____
By: Christopher H. Fitzgerald, Esq.
(CF-1415)
233 Broadway, Suite 2348
New York, NY 10279
(212) 226-2275